**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HONG KONG ENTERTAINMENT (OVERSEAS) INVESTMENT, LTD., DBA Tinian Dynasty Hotel and Casino,<br><br>Petitioner-Appellant,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; KIRSTJEN NIELSEN, in her official capacity as Secretary of the United States Department of Homeland Security; L. FRANCIS CISSNA, in his official capacity of Director, United States Department of Citizenship and Immigration Services,<br><br>Respondents-Appellees. | No.   17-17473<br><br>D.C. No. 1:16-cv-00009<br><br>MEMORANDUM\* |

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Ramona V. Manglona, Chief Judge, Presiding

Submitted February 11, 2019\*\*
Honolulu, Hawaii

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:  TALLMAN, BYBEE, and N.R. SMITH, Circuit Judges.

Hong Kong Entertainment (Overseas) Investment, Ltd. ("HKE") appeals the district court's order dismissing its suit against the United States Customs and Immigration Services ("USCIS") and related officials for lack of subject matter jurisdiction.  HKE filed a petition for judicial review in district court after USCIS denied 151 CW-1 visa applications which would have allowed HKE to employ foreign workers at a casino in the Northern Mariana Islands.  It asked the court to remand the applications to USCIS with instructions to approve them and for a declaratory judgment that HKE is a "legitimate employer."  Because these claims are not justiciable, we affirm dismissal.

For a plaintiff's claim to be justiciable, it "must have standing to bring the claim, and the claim must not be moot." *Jacobs v. Clark Cty. Sch. Dist.*, 526 F.3d 419, 425 (9th Cir. 2008).  To establish standing, a plaintiff must show "(1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157–58 (2014) (citation, alterations, and punctuation omitted).  A case is moot if there is no

"present controversy as to which effective relief can be granted." *Doe No. 1 v. Reed*, 697 F.3d 1235, 1238 (9th Cir. 2012) (citation omitted).

HKE's request that we instruct USCIS to approve the visa applications is not justiciable because we may grant it no effective relief. A CW-1 visa applicant must specify the dates for which the visa, if approved, would be effective. None of the visas HKE applied for would have been in effect beyond November 7, 2015, and HKE has not submitted any further visa applications. It has not requested that any alien be permitted to work in the United States for any present or future period. Further, we take judicial notice of HKE's statement to the district court in another matter that it ceased business operations in the Northern Mariana Islands in March 2016. It follows that HKE no longer has need for CW-1 visas. Accordingly, even if HKE were to prevail on the merits of its suit at trial, no court could compel USCIS to issue HKE visas that would be effective going forward.

HKE's request for a declaration that it is a "legitimate employer" is likewise not justiciable. USCIS denied HKE's visa applications in part because the company did not meet its burden to establish that it was an "eligible employer engaged in legitimate business." In reaching this determination, the agency cited pending federal civil and criminal enforcement actions charging HKE with violations of the Bank Secrecy Act ("BSA"). At the time USCIS issued its

3

decision, HKE had entered into a non-prosecution agreement with the United States Attorney in which it stipulated to violations of the BSA and agreed to a three-year period of supervision during which it could be re-indicted if it violated the terms of the agreement.

HKE alleges that it suffered a reputational injury from USCIS's denial of its visa applications on these grounds. But there is no redress available for that injury in this posture. The sources of HKE's alleged reputational injury are the civil and criminal enforcement proceedings that the government pursued against it, and any redress to that injury was to defending against the proceedings and appealing any adverse judgment. Neither USCIS nor the courts can change the outcome of these proceedings. Thus, because we cannot redress HKE's alleged injury, it lacks standing to pursue this claim.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.[1]

---

[1] USCIS's motion for judicial notice, filed June 25, 2018, is GRANTED. HKE's motion for judicial notice, filed August 7, 2018, is GRANTED.